UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Howard Allen,
      Petitioner

      v.                                    Civil No. 06-cv-277-SM
                                            Opinion No. 2007 DNH 023
United States of America,
      Government


**O R D E R**


     Petitioner, Howard Allen, seeks relief under 28 U.S.C.
§ 2255, in the form of a "correct[ed] sentence."  Initially, he
filed a letter raising essentially the same issue.  The
government and trial defense counsel were asked to respond to the
letter, the court being concerned about the propriety of deeming
it to be a petition under § 2255 (thereby perhaps precluding
other issues from being raised in a "second or successive"
petition).  And, if the parties agreed that a different (lesser)
sentence was expected, some form of relief by consent may have
been available.  Counsel for the government and counsel for
defendant responded, and after considering their submissions, the
court determined that petitioner's letter should not be
considered a § 2255 petition.  Order, May 30, 2006 (document no.
75).

Petitioner then filed a timely and proper motion under § 2255 raising two discrete issues.  First, he suggests that his binding plea agreement for a stipulated federal sentence to 30 months in prison was breached.  Second, petitioner says his counsel provided ineffective assistance in that counsel "had [him] believe" that his stipulated 30 month sentence would require him to serve only 18 months, because his federal sentence and a state sentence were to run concurrently under the plea agreement's terms.  In other words, petitioner claims he "was led to believe," and he thought that "concurrent" meant he would get credit against both his federal and state sentences for time he served in state pretrial detention.

Having considered the government's and defense counsel's earlier responses, and having reviewed the record, including transcripts of the plea colloquy and sentencing hearing, as well as exhibits and pleadings filed by petitioner, it is plain that petitioner is not entitled to the relief he seeks.  It also appears that if petitioner were able to demonstrate entitlement to relief, it would be of a type that might prove detrimental to his interests.

**Background**

On August 11, 2004, petitioner was arrested by state
authorities, pursuant to a warrant, for selling cocaine on July
15, and 19, 2004.  He resisted that arrest and, in the process,
assaulted a police officer — offenses for which he was also
charged by state authorities.  The state referred the drug
charges for federal prosecution, but retained jurisdiction over
the unrelated charges of resisting arrest and assaulting a police
officer.

Petitioner was arraigned in federal court on the drug
charges on October 1, 2004, and then returned to state custody.
He was detained by the state pending trial on its charges.  His
federal prosecution went forward, but was interrupted by a number
of delays related to difficulties he had with appointed counsel,
as well as the need to complete a psychiatric evaluation.

On August 25, 2005, petitioner executed a written plea
agreement in this case, and, on September 6, 2005, he pled guilty
in this court to three counts in an indictment, two charging him
with distributing cocaine and one charging him with possessing
cocaine with the intent to distribute it.  The plea agreement
contained a "binding" stipulation under Fed. R. Cr. P.
11(c)(1)(C) providing that:

a.    The defendant shall be sentenced to a term of imprisonment of thirty (30) months, with three (3) years supervised release to follow.

b.    In the event the defendant is sentenced upon his pending State cases (State of New Hampshire v. Howard Allen, Concord District Court) prior to his sentencing in the instant case, the sentence in the instant case shall be ordered to run concurrent with his State sentence(s).[1]

_____
[1] The government has agreed that, in the event the defendant is sentenced on the instant case prior to his State cases, the government will request that the State prosecutor recommend that the State sentences be imposed concurrently to the instant sentence.  The defendant understands that neither this Court nor the State prosecutor is bound by the government's agreement in this regard.

Plea Agreement, dated August 26, 2005, (document no. 51).


Shortly thereafter, on September 23, 2005, petitioner pled guilty in state court to the unrelated charges of resisting arrest and assault on a police officer.  He was sentenced the same day to twelve months of imprisonment (which sentence had already been served, as of August 12, 2006, because he had been detained while awaiting his trial in state court).  In sentencing petitioner, the state trial judge approved an agreement providing that his state sentence "is to run concurrent to the federal charges 1:04cr197 (04-197-01-M) scheduled for sentencing on 12-2-05."  State v. Howard Allen, Agreement, dated September 23, 2005, Approved by Boyle, J.  But, the state court cannot make a later

4

imposed federal sentence run concurrently with a state sentence.
And, the state court cannot, in effect, afford federal pretrial
confinement credit for time served in state custody.  See 18
U.S.C. § 3585(b).


     On December 2, 2005, petitioner was sentenced in this court
on the federal drug charges.  Although the stipulated sentence to
30 months was below the applicable Guidelines Sentencing Range,
the court nevertheless approved the plea agreement and imposed
it.  Defense counsel made clear at the sentencing hearing that
petitioner was not seeking either a downward departure under
Guidelines Section 5K2.23 (departure based upon discharged term
of imprisonment) or an adjustment under Section 5G1.3 (imposition
of sentence on defendant subject to an undischarged term of
imprisonment).  Counsel's reasoning was apparent — neither
provision would apply in a manner that could benefit defendant.


     First, defendant's state sentence was already fully
discharged by the time he was sentenced in federal court — the
state court sentenced him to less time than he had already been
held in state pretrial confinement before he was sentenced in
federal court.  (The time defendant spent in state pretrial
detention in excess of that imposed as a state sentence was duly
credited toward his federal sentence.)  So, section 5G1.3 did not

apply, because it addresses persons subject to an <u>undischarged</u> term of imprisonment.

Second, section 5K2.23 did not apply, because that section provides for a departure, if otherwise appropriate, when a defendant has completed serving a term of imprisonment <u>and</u> section 5G1.3(b) <u>would</u> <u>have</u> provided for a downward adjustment had the term been undischarged at the time of sentencing.  But, subsection (b) of section 5G1.3 did not provide a basis for a downward departure in petitioner's case.  Although petitioner's state sentence was discharged, it had not been imposed for an offense that constituted relevant conduct with respect to the federal charges, and had not served as a basis for increasing the Guidelines offense level applicable to the federal drug crimes at issue.

The plea agreement was executed before the state sentence was imposed and, while § 5G1.3(c) contemplates imposition of a concurrent sentence "in any other case" where a defendant is serving an <u>undischarged</u> term of imprisonment, at the time petitioner's federal sentence was imposed he faced no undischarged term of imprisonment.  Accordingly, the court imposed the stipulated 30 month term, but without noting that it was to be served "concurrently," there being no undischarged

state sentence with which it could be served concurrently.
Neither defense counsel nor defendant objected, nor did either
move to withdraw petitioner's guilty pleas due to the imposition
of a sentence more severe than that stipulated to in the plea
agreement.

## Discussion

Breach of Plea Agreement

Petitioner seeks relief in the form of a sentence reduction
from 30 to 18 months.  That is, he wants credit against his
federal sentence for all the time he served in state pretrial
detention, time that was fully credited toward his state
sentence, with the balance already credited to his federal
sentence.  He urges two grounds in support of that request for
relief.  He claims, initially, that the terms of his binding plea
agreement entitled him to the credit he seeks.  Next he says his
trial defense counsel provided ineffective assistance, in that
counsel "had [petitioner] believe" that "12 months of the state
sentence should be ran [sic] into my 30 months of my federal
sentence, which would leave me with only 18 months based on my
binding plea agreement, which means ran [sic] concurrently, not
consecutive."

Regarding the first ground, the plea agreement's stipulation was fully met.  Petitioner was sentenced to the stipulated 30 months in prison.  The judgment did not provide for concurrent service with the state sentence because that sentence had already been completely served by the time the federal sentence was imposed — there was simply no state sentence with which it could be served concurrently.  Credit against a federal sentence for time previously served in state custody on unrelated state charges is quite a different matter than "concurrent" service of two sentences.  To the extent petitioner suggests he thought state pretrial confinement credit and concurrent service of two sentences were the same thing, the record contradicts his claim.

Petitioner acknowledged during the plea colloquy that he understood that he was stipulating to a 30 month sentence on the federal drug charges and that it would run concurrently with any state sentence imposed, if the state sentence was imposed before he was sentenced federally.  If the court were to impose a harsher sentence, petitioner understood that he would be allowed to withdraw his guilty pleas.  He also acknowledged that he reviewed each term of the written plea agreement with counsel and was satisfied with counsel's advice and representation. Petitioner did not assert any objection or even comment at sentencing when his counsel put on the record that no adjustment

or departure was sought based upon petitioner's completed service
of the state sentence imposed three months earlier.

The plea agreement is neither unclear nor subject to
reasonable differing interpretations regarding the sentence to be
imposed: 30 months to be served concurrently with the state
sentence, if the state sentence was imposed first, and 30 months
with a promise by the government to request the state prosecutor
to recommend that the state sentence be made to run concurrently
with the federal sentence, if the state sentence was imposed
after the federal sentence.  That the length of the state
sentence imposed made the concurrent service provision moot did
not entitle petitioner to credit for all the time previously
served in state custody against his federal sentence.  He was
only entitled to serve his federal and state sentences at the
same time (concurrently) to the extent they occupied the same
period, as opposed to serving them consecutively, that is,
serving one sentence after the other was completed.  Petitioner's
first asserted ground for relief — that his plea agreement was
breached — is without merit.

Credit for pretrial detention time against a federal
sentence is not a matter over which district courts have
authority.  The Attorney General is responsible for computing, in

accordance with applicable statutes, the amount of pretrial

credit a defendant is entitled to, and that computation is made

<u>after</u> a defendant begins serving his sentence.  <u>See</u> <u>United States</u>

<u>v. Wilson</u>, 503 U.S. 329 (1992).[1]  Defendant's avenue of relief in

that regard is, initially, administrative in nature.  If

defendant is dissatisfied with the Bureau of Prisons'

administrative determination of credit, he may seek judicial

review pursuant to 28 U.S.C. § 2241. <u>Wilson</u>, 503 U.S. at 335;

<u>Rogers v. United States</u>, 180 F.3d 349, 357-58 (1st Cir. 1999).


<u>Ineffective Assistance</u>

Next petitioner alleges that defense counsel provided

constitutionally defective representation.  But, he provides very

little beyond restating his incorrect view that concurrent

service of unrelated sentences means that pretrial detention

credited against one sentence also must be credited against the

---

[1]  The suggestion in <u>United States v. Benefield</u>, 942 F.2d
60, 66-67 (1st Cir. 1991), that a district court may, under some
circumstances, give credit for pretrial confinement already
credited against a state sentence, in the form of a reduced
federal sentence, was probably overruled by <u>Wilson</u>, <u>supra</u>, and is
at odds with the provisions of 18 U.S.C. § 3585(b).  However,
since the Guidelines have been deemed "advisory," in large part,
a reduced sentence to reflect pretrial credit, even though
credited against another sentence, and even though not consistent
with the Guidelines, is now a possibility.  But, as explained
<u>infra</u>, that would not likely have occurred in this case.

10

other, and adding that defense counsel "had me believe" that was the case.

The ineffective assistance of counsel test described in Strickland v. Washington, 466 U.S. 668 (1984), applies to the guilty-plea process.  Hill v. Lockhart, 474 U.S. 52, 56 (1985). For petitioner to prevail on his claim, he must show that counsel's representation fell below the range of competence expected of counsel in criminal cases and that he suffered prejudice as a result of counsel's failures.  Prejudice, in the context of a guilty plea proceeding, means "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

The petition fails both parts of the Strickland test.  There is little or no hint as to what defense counsel allegedly said with regard to the stipulated sentence that may have amounted to representation falling outside the range of competence expected of counsel in criminal cases.  The general and unsupported claim that counsel "had [petitioner] believe" that he would get credit against his federal sentence for pretrial detention related to his state sentence is entirely insufficient to describe ineffective representation.

11

But, even if petitioner's vague and generalized assertion is accepted as poorly stated but, nevertheless, sufficient to describe ineffective representation, still, petitioner has not described any facts that could support a finding of prejudice in this context.  Petitioner does not say that, but for his claimed misunderstanding, he would not have pleaded guilty and, instead, would have insisted on going to trial.  And, he does not seek the only relief that would be available to him in this case if he had made the necessary showing of either a breach of his plea agreement or ineffective assistance: withdrawal of his guilty pleas and a trial.  Rather, he seeks a reduced sentence.

It is unlikely that the court would have imposed a reduced sentence in this case under the circumstances described by petitioner.  Had his binding plea agreement called for credit against his federal sentence for time served in state pretrial detention, as he claims now, that plea agreement likely would have been rejected, even if the government supported that result (which is also unlikely).  The state charges were entirely separate from and unrelated to the federal charges and, normally, a consecutive sentence would be imposed, at least in substantial part.  Here, petitioner was sentenced <u>below</u> the applicable Guidelines range as it was, the court acceding to the plea agreement's negotiated terms.  The court would have imposed a

12

concurrent sentence, as provided for in the agreement, with respect to any undischarged time left on a previously imposed state sentence, given that the plea negotiations were no doubt difficult and that result was not unreasonable.  But, affording state pretrial confinement credit against an already reduced federal sentence, in addition to imposing concurrent service of both sentences, was not a realistic likelihood.  As noted, had the "binding" plea agreement so provided, the court probably would not have accepted it in this case.

In short, petitioner has not alleged any cognizable prejudice, even assuming he has adequately alleged counsel's failure to provide acceptable legal representation.  He was not entitled under his plea agreement to anything but concurrent service of his 30 month federal sentence with any undischarged time on his earlier-imposed state sentence.  The plea agreement did not entitle him to credit for state pretrial detention against his federal sentence.  Moreover, even if defense counsel negligently misled petitioner into thinking that was the case (which is highly unlikely given the plea colloquy and sentencing hearing, at which counsel expressly acknowledged that no adjustment under §§ 5G1.3 or departure under 5K2.23 was being sought, and petitioner raised no issue regarding the claimed deviation between the stipulation and actual sentence imposed),

petitioner still has not shown even the possibility of prejudice,
since he does not claim that but for counsel's misrepresentations
he would not have pleaded guilty and would have insisted on going
to trial.  Finally, in any event, it is unlikely the court would
have accepted a plea agreement in this case as petitioner
describes his current understanding of it, and probably would not
have imposed a sentence less than the 30 months concurrent with
the state sentence, as bargained for by petitioner.

Petitioner's Implicit Claims

     Recognizing that petitioner is acting pro se, and does not
fully appreciate the legal complexities associated with his
request for relief, the court will dismiss this petition, without
prejudice.  The court will allow petitioner to amend his
petition, however, within thirty days of the date of this order,
to better develop the ineffective assistance claim he asserts, if
after considering the matter carefully, he wishes to do so.
Petitioner is urged, however, to consider the matter carefully,
as he could be exposing himself to an even longer sentence if he
were to "succeed" in obtaining § 2255 relief — that is, if he is
permitted to withdraw his guilty pleas.

     A brief explanation is in order.  Petitioner has not
described the advice given him by defense counsel that "led him

to believe" that he would get state pretrial detention credit against his 30 month federal sentence.  He must do so, and his allegations must, if true, constitute ineffective representation. Second, petitioner has not alleged cognizable "prejudice" under Strickland.  That is, he has not claimed that, but for counsel's failures, as described, he would not have pleaded guilty and, instead, would have insisted on proceeding to trial.

    Petitioner must also carefully consider the fact that if he were able to establish ineffective assistance by defense counsel, the remedy would not be a reduced sentence.  If he prevails on any amended petition under § 2255, petitioner will not be given credit against his federal sentence for the pretrial confinement already credited against his state sentence (that is not what "concurrent" means).  Rather, if he were able to demonstrate entitlement to relief, it would take the form of permitting him to withdraw his pleas of guilty and proceed to trial (or, if possible, negotiate a more favorable disposition with the prosecutor — one that the court would accept).

    Petitioner is fully aware that the government takes the position that the stipulated 30 month sentence, which was below the applicable Guidelines range, was intended to be without credit for state pretrial confinement.  It is, therefore, at

15

least doubtful that the prosecution will renegotiate a better
disposition.  And, were plaintiff to succeed in withdrawing his
guilty pleas, go to trial, and be convicted, he would face a
Guidelines sentence substantially higher than the 30 months
previously imposed (the Guidelines range would be higher than 30
months to begin with and, of course, petitioner would not, under
those circumstances, receive the downward adjustment for
acceptance of responsibility that he obtained based upon his
guilty pleas, and other adjustments may be applicable).  These
possibilities require careful thought.

Because the petition implies that petitioner based his
guilty pleas on an expectation that the stipulated sentence to 30
months imprisonment meant he would only serve 18 months on his
federal sentence, measured from the date he completed his state
sentence, and because he implies that his misunderstanding is
directly attributable to constitutionally deficient advice given
him by defense counsel, and because petitioner is pro se and
unschooled in the legal requirements necessary to advance such
claims, the court will permit him an opportunity to amend his
petition if, after careful thought, he chooses to do so.
Petitioner should understand, however, that he may not succeed at
all (defense counsel will no doubt testify as to what was said
and how petitioner manifested his understanding).  And, even if

16

he were to succeed, the remedy available will not include reducing his sentence.  Instead, if petitioner were to succeed, the court would allow him to withdraw his pleas, which in turn would lead to a trial and, if he is convicted, a sentence that would in all likelihood be <u>longer</u> than the 30 months he is now serving.

### Conclusion

The petition is dismissed, without prejudice, to petitioner's filing, within 30 days of the date of this order, an amended petition consistent with the requirements outlined, developing his implicit ineffective assistance of counsel claim. In so doing, petitioner shall assert both the specific nature of the advice given him and upon which he claims to have relied, and the prejudice, if any, he claims to have suffered.  Should an amended petition be filed, the court will consider it and, if necessary, hold a hearing.  Should petitioner succeed, he will be permitted to withdraw his guilty pleas and proceed to trial.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 23, 2007

cc:  Howard Allen, <u>pro</u> <u>se</u>
     Aixa Maldonado-Quinones, Esq.